## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JUSTIC M. MELTON, # M-14050,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 16-cv-1202-SMY |
| ) | |
| **WARDEN STEPHEN DUNCAN,** ) | |
| **RUSSELL GOINS,** ) | |
| **D.D. BROOKHART,** ) | |
| **DR. FAIRLESS,** ) | |
| **K. GAY,** ) | |
| **and WEXFORD HEALTHCARE, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Justin Melton was a prisoner incarcerated at Lawrence Correctional Center ("Lawrence") at the time he brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Shortly after the case was filed, Melton was released from prison. (Doc. 7). Melton claims that Defendants were deliberately indifferent to his serious mental health condition, and were negligent in relation to his treatment needs. The Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.[1]

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be

---

[1] Section 1915A, as well as other provisions of the Prison Litigation Reform Act ("PLRA"), apply to this action, despite the fact that Plaintiff is not presently incarcerated. The determination of whether a plaintiff is a "prisoner" (and thus subject to the application of the PLRA) must be made as of the time the lawsuit is filed. *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998) (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

1

granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557.  Conversely, a Complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that one of Plaintiff's claims survives threshold review under § 1915A.

## **The Complaint**

Melton was transferred to Lawrence on June 29, 2016 from the Pinckneyville Correctional Center. (Doc. 1, p. 3). He had previously been diagnosed with a serious mental illness (which he does not further identify) and had been taking psychotropic medication. Upon his arrival at Lawrence, Melton was not provided with his prescribed psychotropic medications.

On June 30, 2016, Melton was evaluated by mental health provider K. Gay, who reviewed his suicide potential and a treatment plan. Melton informed Gay that he was not receiving his medication, and he told her that if he did not get his medication soon, he "would do something to get them." (Doc. 1, p. 3).

On July 1, 2016, Melton, who was in segregation, filed an emergency grievance over the denial of his medication. (Doc. 1-1, p. 7). In the grievance, Melton stated: "I need them [the medications] I have tried killing myself countless times. I'm not afraid of death. I will try it again if I don't get some help soon. Nobody thinks I will do it for real." *Id.*

On July 5, 2016, Melton had not received any response to his grievance and was still not properly medicated. He hung himself, and was initially pronounced dead by the responding officers. (Doc. 1, pp. 3-4). He was taken to the medical unit and found to have life-threatening injuries, but was still alive. He was airlifted to Carle Hospital, where he was treated for 10 days. On July 14, 2016, Melton was returned to Lawrence and placed on crisis watch. He remained on crisis watch until August 10, 2016, when Dr. Fairless released him.

Melton asserts that if Gay had properly reviewed his master file, she would have known the seriousness of his plea for help. Likewise, if the prison administrative staff had responded to his emergency grievance in a timely manner, he would not have harmed himself. Finally, his

suicide attempt could have been prevented if Wexford Healthcare had properly trained its mental health staff.  (Doc. 1, p. 4).

Melton now seeks declaratory relief and compensatory damages.  (Doc. 1, p. 5).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.  Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:**  Eighth Amendment claim against Gay, Fairless, and Wexford Healthcare, Inc., for deliberate indifference to Melton's serious mental health need to receive his prescribe psychotropic medications;
>
> **Count 2:**  Eighth Amendment claim against Duncan, Goins, and Brookhart, for deliberate indifference to Melton's serious mental health need to receive his prescribe psychotropic medications;
>
> **Count 3:**  State law negligence claim against Gay, Fairless, and Wexford Healthcare, Inc., for failure to provide Melton with proper treatment for his mental health condition;
>
> **Count 4:**  State law negligence claim against Duncan, Goins, and Brookhart, for failure to respond to Melton's emergency grievance in order to prevent his suicide attempt.

Count 1 shall proceed for further consideration against Gay.  However, the remaining Defendants and claims shall be dismissed from the action.

**Count 1 – Deliberate Indifference – Mental Health Providers**

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the

4

defendant was deliberately indifferent to a risk of serious harm from that condition. The Seventh Circuit has found that "the need for a mental illness to be treated could certainly be considered a serious medical need." *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001); *Wellman v. Faulkner*, 715 F.2d 269 (7th Cir. 1983).

"Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). However, the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Here, Melton's serious mental health diagnosis, which required management with prescription medication, satisfies the objective component of an Eighth Amendment claim. The remaining question is whether the Defendants acted or failed to act with deliberate indifference to a known risk of serious harm.

K. Gay conducted Melton's initial mental health evaluation the day after he arrived at Lawrence. He informed her that he had not received his psychiatric medications since his transfer. Melton asserts that Gay specifically evaluated his suicide risk and that he threatened to

"do something" if he did not get the medications. This information put Gay on notice that Melton could be at risk of harm without his prescribed medications. As such, at this early stage, the Complaint states a claim that Gay, by failing to take action to restore Melton's medications, was deliberately indifferent to the risks Melton faced from being unable to take his psychiatric prescriptions. **Count 1** shall thus proceed against Gay.

However, the Complaint fails to state a viable claim against Fairless or Wexford Healthcare, Inc. ("Wexford"). Melton does not allege that Administrator Fairless had any knowledge of his mental health condition or the denial of his medications, prior to Melton's suicide attempt. Without having this knowledge of Melton's diagnosis and the risk of harm from being denied his medications, Fairless could not have been deliberately indifferent to Melton's mental health needs. Therefore, Fairless shall be dismissed from Count 1 without prejudice.

As to Wexford, this corporation employs Gay and Fairless and provides mental health care at the prison, but it cannot be held liable solely on that basis. A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). Melton has not alleged that any of the individual Defendants either acted or failed to act as a result of an official policy espoused by Wexford. Therefore, Melton cannot maintain a deliberate indifference claim against Wexford, and Count 1 shall also be dismissed against this corporate entity.

To summarize, **Count 1** shall proceed for further consideration only against Gay.

**Dismissal of Count 2 – Deliberate Indifference – Prison Administrators**

While Wardens Duncan, Goins, and Brookhart are not medical providers, the same Eighth Amendment factors apply to a constitutional claim against them.  Each Defendant must have had knowledge that Melton suffered from an objectively serious mental health condition which posed a serious risk to his health when he was denied his prescribed psychiatric medications, and then failed to take action to mitigate the risk to Melton.

The factual allegations in the Complaint fail to establish that these defendants had any information about Melton's situation before he attempted suicide.  While Melton did submit an emergency grievance, there is no indication that the grievance was seen by any of these Defendants.  Without that connection, Melton fails to state a deliberate indifference claim upon which relief may be granted against any of the wardens.  Accordingly, **Count 2** against Duncan, Goins, and Brookhart shall be dismissed without prejudice.

**Dismissal of Count 3 – Negligence – Mental Health Providers**

In introducing his claim of deliberate indifference, Melton also asserts that Defendants were "negligen[t] in violation of the 8th Amendment."  (Doc. 1, p. 1).  Negligence or even malpractice by a medical or mental health provider, however, does not violate the Constitution. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001).  It is unclear whether Melton intended to assert a state law claim for negligence/malpractice distinct from his constitutional claims.  In the event that Melton did wish to pursue such a claim, the potential merits shall be addressed.

Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C.

§ 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)). While this Court has supplemental jurisdiction over state-law medical negligence/malpractice claims pursuant to 28 U.S.C. § 1367, this is not the end of the matter.

Under Illinois law, a plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. §5/2-622(a) (West 2013).[2] A separate affidavit and report shall be filed as to each defendant. *See* 735 ILL. COMP. STAT.

---

[2] The August 25, 2005, amendments to a prior version of this statute were held to be unconstitutional in 2010. *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010) (Holding P.A. 94-677 to be unconstitutional in its entirety). After *Lebron*, the previous version of the statute continued in effect. *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010). The Illinois legislature re-enacted and amended 735 ILL. COMP. STAT. §5/2-622 effective January 18, 2013 (P.A. 97-1145), to remove any question as to the validity of this section. *See* notes on Validity of 735 ILL. COMP. STAT. §5/2-622 (West 2013).

§5/2-622(b).

Failure to file the required certificate is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, Case No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D. Ill. June 5, 2007).

In the instant case, Melton has failed to file the necessary affidavits or certificates of merit with reference to the potential claims for negligence/malpractice against Gay, Fairless or Wexford. Therefore, the claim in **Count 3** shall be dismissed. However, the dismissal shall be without prejudice at this time, and Melton shall be allowed 35 days to file the required affidavits/certificates. Should Melton fail to timely file the required affidavits/certificates, the dismissal of Count 3 shall become a dismissal **with prejudice.** *See* FED. R. CIV. P. 41(b).

### Dismissal of Count 4 – Negligence – Prison Administrators

As noted in Count 3, negligence on the part of any prison official does not amount to a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). In order to state a claim for negligence under Illinois state law, a complaint must allege facts to establish that the defendant owed the plaintiff a duty of care, breached that duty, and that the breach was the proximate cause of the plaintiff's injury. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (citing *Iseberg v. Gross,* 879 N.E.2d 278 (2007)).

Here, Melton asserts generally that Duncan, Goins and Brookart were "legally responsible for the health and safety of all inmates" at Lawrence. (Doc. 1, p. 2). He further notes that if "the Administration" (presumably Warden Duncan, Goins, or Brookart) had read and responded to his emergency grievance in a timely manner, they could have prevented him from harming himself. (Doc. 1, p. 4).

It is not necessary at this point to determine whether or not Melton has sufficiently pled a duty of care or a proximate causal connection between the wardens' inaction and his injury. As discussed in Count 2, Melton has failed to state a constitutional claim for deliberate indifference against Duncan, Goins, or Brookart, and the civil rights claim against these three Defendants shall be dismissed. Where all federal claims against a particular defendant have been dismissed, the usual practice is to also dismiss the related state supplemental claims, without prejudice to the state law claims being brought in the appropriate state court. *See Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999). Under this authority, the Court declines to exercise its supplemental jurisdiction over Melton's potential negligence claim in Count 4 against Duncan, Goins and Brookart. **Count 4** shall therefore be dismissed without prejudice. Duncan, Goins, and Brookart shall also be dismissed from the action without prejudice.

### Pending Motion

The motion for service of process at government expense (Doc. 3) is **GRANTED IN PART AND DENIED IN PART.** Service shall be ordered below on the Defendant who remains in the action. No service shall be made on the dismissed Defendants.

### Disposition

**COUNTS 2 and 3** are **DISMISSED** without prejudice for failure to state a claim upon

which relief may be granted. **COUNT 4** is **DISMISSED** without prejudice because the Court shall not exercise supplemental jurisdiction over that state law claim where the related federal claim is dismissed. Defendants **DUNCAN, GOINS, BROOKHART, FAIRLESS** and **WEXFORD HEALTHCARE, INC.,** are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that if he wishes to seek reinstatement of the negligence/malpractice claims in **COUNT 3** against mental health provider Defendants **GAY, FAIRLESS** or **WEXFORD HEALTHCARE, INC.**, Plaintiff shall file the required affidavits pursuant to 735 ILL. COMP. STAT. §5/2-622, within 35 days of the date of this order (on or before March 31, 2017). Further, Plaintiff shall timely file the required written report(s) of a qualified health professional, in compliance with §5/2-622. Should Plaintiff fail to timely file the required affidavits or reports, the dismissal of **COUNT 3** shall become a dismissal **with prejudice**.

The Clerk of Court shall prepare for Defendant **GAY:** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the

Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Reona J. Daly** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Daly for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 24, 2017**

s/ STACI M. YANDLE
United States District Judge